Filed 5/27/16  In re Javier L. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re JAVIER L., a Person Coming Under the Juvenile Court Law. | B268546<br>(Los Angeles County<br>Super. Ct. No. YJ38450) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAVIER L.,<br><br>    Defendant and Appellant. | |

    APPEAL from an order of the Superior Court of Los Angeles County, Irma J. Brown, Judge.  Affirmed.

    Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

    No appearance for Plaintiff and Respondent.

————————————

A Welfare and Institutions Code section 602 petition filed October 2, 2015 alleged that on or about July 24, 2015, Javier L., then 17 years old, committed felony second degree robbery in violation of Penal Code section 211. The petition also alleged that Javier committed the offense for the benefit of a criminal street gang under Penal Code section 186.22, subdivision (b)(1)(C). Javier L. denied the charge.

At the November 10, 2015 adjudication hearing, the prosecutor declined to proceed on the gang allegation. Defense counsel made a motion to have the victim, K.D., declared not competent to testify as a witness. K.D. had developmental disabilities and mental health issues. In an open petition in a different case, proceedings had been suspended based on doubts about K.D.'s competency to stand trial. His public defender in that case was present and remained at K.D.'s side during his testimony. The court held a hearing in which K.D. stated he understood that the oath he took in court that day was a promise to tell the truth; that telling the truth meant you did not get into trouble, and telling a lie meant you were in trouble; that saying a white picture was white was true, and saying the white picture was red was a lie; that he had to tell the truth in response to every question in court; and that he would not say something untrue, or say that he remembered something he did not actually remember, to make one side happy. Noting that the standard for finding a defendant competent to stand trial was different, the court found K.D. competent to testify as a witness. K.D. had answered the questions reasonably, understood the difference between the truth and a lie, and would not give an answer just to make someone happy.

K.D. testified that he was at a liquor store when he allowed another student at his school, Victor, to borrow K.D.'s cell phone. Although K.D. told Victor to give the cell phone back before Victor left the store, Victor left with the phone. On a later day, K.D. saw Victor and asked him to return the cell phone, and Victor said he would go to K.D.'s house to drop it off, but did not.

On the day of the alleged robbery, K.D. saw Victor and Javier L. at the liquor store. K.D. asked for his phone back and Victor said no. Victor told K.D. to get into a van. Two girls were in the front seat, and one of them drove the van to nearby Helen

2

Keller park with Victor, Javier L., K.D., and another person in the back seat. At the park's parking lot, K.D., Victor, Javier L., and the other person got out of the van. K.D. thought Javier had his phone and told him to give it back. Javier said he didn't have it. K.D. saw the phone in Victor's hand, and K.D. grabbed it. Javier L. then hit K.D. in the face, saying, "'Don't come back.'" Victor and the other person also each hit K.D. once. K.D. fell on his shin and dropped his cell phone, and Victor picked the phone up from the ground and put it in his pocket. Javier L., Victor, and the other person turned and got into the van, which drove away. K.D. sustained scratches on his face and knee, and dirt on his clothes.

A deputy sheriff testified that on the day of the robbery he interviewed K.D. at home, and K.D. said he had been assaulted in Helen Keller Park by three people who stole his cell phone. K.D. also told him that he had loaned his phone to Victor two days earlier. A detective testified that in an interview two weeks after the robbery, K.D. said that after he grabbed the phone out of Victor's hand, Javier L, Victor, and the third person hit him. K.D. then dropped the phone, someone picked it up, and the three assailants left in a vehicle. When the detective interviewed Javier L., he gave him warnings under *Miranda v. Arizona* (1966) 384 U.S. 436, and Javier admitted he knew Victor and the third person as friends.

Javier L.'s counsel made a motion to dismiss under section 701.1 of the Welfare and Institutions Code, arguing that the prosecution had not established that Javier L. was ever in possession of the cell phone or had the specific intent to take the phone from K.D. The court denied the motion.

After closing arguments, the trial court stated the evidence showed beyond a reasonable doubt that Javier L. knew the cell phone belonged to K.D., that K.D. asked for the cell phone to be returned to him, and that Javier L. struck K.D. after K.D. snatched the phone out of Victor's hand. The evidence also showed K.D. then fell to the ground, dropping the phone; that the two others also struck him; and that all three ran away. The trial court sustained the petition and found the offense to be a felony and a strike. The court removed Javier L. from the custody of his parents and sentenced him to a maximum

3

confinement time of five years with 42 days of predisposition credit, placing him in the camp community placement program for a five to seven month term.  Javier L. filed this timely appeal.

We appointed counsel to represent Javier L. on appeal.  After examining the record, counsel filed an opening brief raising no issues and asking this court to independently review the record.  On March 17, 2016, we advised Javier L. he had 30 days within which to personally submit any contentions or issues he wished us to consider.  To date, we have received no response.

We have examined the entire record and are satisfied that Javier L.'s counsel has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110;  *People v. Wende* (1979) 25 Cal.4th 436, 441.)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.


4